UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EVAN BOURNE,

    Plaintiff,

  v.

ELDON VAIL, *et al.,*

    Defendants.

Case No. 09-5199 BHS/KLS

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is a letter from Plaintiff, in which he seeks the appointment of counsel. Dkt. 4, p. 3. Having carefully reviewed Plaintiff's request and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's request should be denied.

**I. DISCUSSION**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before

ORDER - 1

reaching a decision on request of counsel under Section 1915(d). *Id.*

Plaintiff states that he needs "a lawyer bad. I'll look like an idiot in court unless I have a lawyer to either represent me or guide me thru it." Dkt. 4, p. 3.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex. Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants. Plaintiff has also not shown a likelihood of success on the merits. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, Plaintiff's request for the appointment of counsel (Dkt. 4) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  19th  day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2